## DANEMAN v INDUSTRIAL COMMISSION

Ohio Appeals, 2nd Dist, Franklin Co

No 2578.   Decided Sept 19, 1935

Jones & Henderson, Columbus, for plaintiff in error.

Donald J. Hoskins, Prosecuting Attorney, Columbus, and J. A. Bowman, Asst. Prosecuting Attorney, Columbus, for defendant in error.

## OPINION

By HORNBECK, J.

It is the claim of plaintiff in error that there was a question of fact upon the whole testimony which should have been submitted to the jury.

In **Tanner v Espey, 128 Oh St, 62,** it was held that if one's original injuries suffered by the negligence of another were aggravated by the negligence, mistake or lack of skill in treatment by a reputable physician or surgeon, such aggravation is the proximate result of the original negligence.

Thus in this case, if upon the evidence reasonable minds might properly conclude that the infection from which Daneman suffered was caused by or flowed ·from the wound made by the necessary surgical treatment of the injury, namely, the hernia, then such infectious condition could be said to be a proximate result of the injury.

In the case of **Pope, Admr. v Mudge, 103 Oh St, 192,** which was an action for damages predicated upon fraud claimed to have been practiced upon Pope by Mudge, Pope in his deposition testified directly that he did not rely upon the misrepresentations claimed to have been made by Mudge. However, in view of Pope's illness at the time that his deposition was taken, the effect of other statements made by him at the time, and because of his conduct, the court held that it became a question of fact whether or not he had relied upon the misrepresentations.

So .in the testimony of Dr. Yoakem in this case, though he expressly says that the wound had healed, that there was no connection between the injury and the infected wound, he also says that he was not able to explain fully why the chronic infection developed; that the wound "broke down secondarily six weeks after the operation due to some complicating factor of which I am not quite sure." The doctor further says that Daneman had very badly infected teeth and tonsils, which may be the foci of the infection "for the metastatic infection or the blood borne infection at the site of the hernial operation." The doctor states that after the first development of the infection the wound healed, but that it broke down again. It is significant that the doctor indicates only two sources of infection, namely, tonsils and

teeth, which condition existed before the surgical intervention. He also says that the infection is probably blood borne.

It is unfortunate that the testimony of the doctor was not taken at greater length and in more detail with opportunity given to state with certainty if he knew whether or not the infection entered from the outside of the skin or from within. There are two distinct and different theories to be found in Dr. Yoakem's testimony as we interpret it; first, that the surgical wound had completely healed and that the infection entered from a scratch on the surface of the healed incision; second, that, though the wound seemed to be healed, it was not, and that infection entered either from the outside or from within, borne by the blood stream from the teeth or tonsils or both. The doctor says that "the wound was healed and broke down secondarily six weeks after the operation due to some complicating factor of which I am not quite sure." The expression, a "complicating factor indicates some connection and disturbance in the normal healing of the wound. The doctor does not know what this disturbance was, but he is definite that there was such a complication. It is significant also that the doctor states that after the excision of the sinus tract incident to the first infection, the wound healed, but it is admitted that later it again broke down. This lends support to the theory that the wound in the first instance never healed. The doctor further states that if all foci of infection were removed and the patient's general health improved, this infection would heal. This supports the theory that the cause of the original infection may have come from the foci of infection to which the doctor refers.

The statement that the infected wound had no relation to the injury may mean that it had no relation to the hernia. This may be true in one interpretation of the connection between the hernia and the infection, but if the infection is the result of the incision made to correct the hernia, then there is such causal relation in law as would meet the provisions of the Workmen's Compensation Act, and entitle the claimant to recover. There was an apparent inconsistency or contradiction in the testimony of the doctor and it was for the jury to detect the truth from the conflicting evidence of the same witness.

Cause reversed and remanded for a new trial.

**BARNES, PJ, and BODEY, J, concur.**